IN THE UNITED STATES DISTICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER CHARLES FALCONE, : No. 3:16cv1705
    Plaintiff :
   : (Judge Munley)
    v. :
   : (Magistrate Judge Carlson)
NANCY BERRYHILL,[1] ACTING :
COMMISSIONER OF SOCIAL :
SECURITY, :
    Defendant :

## **MEMORANDUM**

Before the court is Magistrate Judge Martin C. Carlson's report and recommendation, which proposes denying defendant's motion to dismiss. Defendant has filed objections to the report and recommendation, and they are ripe for disposition.

---

[1] When plaintiff filed this action, Carolyn W. Colvin was the Commissioner of Social Security. Accordingly, plaintiff named her as the defendant in her official capacity. Since then, however, Colvin left her position as Commissioner. Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. See Official Social Security Website, http://blog.ssa.gov/meet-our-new-acting-commissioner/ (last accessed June 1, 2017).
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit. Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.")

**Background**

*Pro se* plaintiff Christopher Charles Falcone (hereinafter "plaintiff") timely navigated the legal field of social security disability benefits (hereinafter "DIB") all the way through the Appeals Council, which, on June 9, 2016, denied his request to review the administrative law judge's (hereinafter "ALJ") decision.[2]

Plaintiff filed an application for DIB on September 22, 2011. The ALJ held a hearing on the application on October 9, 2014 and denied DIB on November 26, 2014. The appeals council denied Plaintiff's timely filed request for review on June 9, 2016. The appeals council denial notice indicates receipt would be assumed within five days of the notice date and advises plaintiff of his right to appeal within sixty (60) days from the date he received the notice.[3] According to plaintiff he received the notice on June 15, 2016. Thus, the instant civil action would be timely filed on or before August 15, 2016. Defendant filed a 12(b)(6) motion to dismiss on March 3, 2017 asserting that plaintiff's appeal is barred by the statute of limitations.[4]

While evidence supports the appeal did arrive by U.S. Mail at the clerk of courts office on August 15, 2016, the clerk of courts did not docket the appeal until 10:01 am on August 16, 2016 and failed to stamp and docket the envelope.

---

[2] Because the parties are generally in agreement with these brief background facts no citations to the record are provided.
[3] See 42 U.S.C. § 405(g).
[4] FED.R.CIV.P. 12(B)(6)

2

(Doc. 17 at 3).[5]  Therefore on its face the appeal presents as untimely, missing the statute of limitations by one day.  However, we concur with Magistrate Judge Carlson that the circumstances before us are unique, and that consideration of the rare-yet-traditional equitable tolling principle is *de rigueur* in the case before us.

On April 26, 2017, Magistrate Carlson issued his Report and Recommendation (Doc. 17) (hereinafter "the R&R").  After an incisive evidentiary review, Magistrate Judge Carlson has recommended defendant's motion to dismiss should be denied.  Defendant filed her objection to the R&R on April 28, 2017.  (Doc. 18).

The parties have briefed their respective positions and the matter is ripe for disposition.

**Jurisdiction**

The court has federal question jurisdiction over this Social Security Administration appeal.  See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); see also 42 U.S.C. § 405(g) ("Any individual, after any final decision of the

---

[5] "[I]n the normal course of business [the] envelope would have borne a date stamp indicating when the complaint was received by the clerk."  (Doc. 17 at 3.)

Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .").

**Standard of review**

When determining the disposition of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).

The defendant's motion to dismiss is brought pursuant to Rule 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure may properly be used to challenge the timeliness of the filing of a social security

appeal under the statute of limitations.  Raffinee v. Comm'r of Soc. Sec., 367 F. App'x 379, 380.

Courts are required to liberally construe *pro se* litigant's pleadings.  Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).  The Supreme Court has held that *pro se* complaints should be held "to less stringent standards than formal pleadings drafted by lawyer."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  This leniency, however, has its limits and litigants, even those proceeding *pro se,* "cannot flout procedural rules – they must abide by the same rules that apply to other litigants."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

**Discussion**

The issue before the court is whether defendant has met her burden to establish that plaintiff failed to meet the statute of limitations.  The Magistrate Judge posits no, and we agree.  (Doc. 17 at 9.)

The R&R astutely delineates the evidence revealed by what *is* contained in the docket:

1.  The summons issued upon filing of plaintiff's complaint, issued on August 16, 2016 at 10:01 a.m.  (Doc. 2.)  This timing suggests the complaint was timely received the day before but not fully processed until the next day, noting

that a mailed-in *pro se* complaint takes longer to process than one filed in-person by an attorney.

    2.  Plaintiff's case was the first to be docketed on August 16, 2016.

    3.  Other cases filed by attorneys prior to plaintiff's, on August 15, 2016, also had the summons issued on August 16, 2016.

(R&R at 3-4.)

While Magistrate Judge Carlson found this chronology strongly suggested the clerk received plaintiff's complaint on August 15, 2016 and then docketed it and issued the summons on August 16, 2016, he stopped short of calling it conclusive.

First, defendant first argues the R&R "speculates that the complaint *may* have been received by the court clerk the day before it was docketed August 16, 2016, (Doc. 11 at 1)(emphasis in original), positing the evidence is clear that the complaint was filed on August 16, 2017. (Doc. 11 at 1). In support of her first argument, defendant appended a declaration of Kathie Hartt, Court Case Preparation and Review Branch 2 Office of Disability and Review Social Security Administration. In pertinent part, the declaration sets forth that "On August 16,

2016, a civil action was filed in the United States District Court for the Middle District of Pennsylvania." (Doc. 11-1 at 4).[6]

Next, defendant argues plaintiff had an additional five calendar days for mailing the Appeals Council's notice as per 20 C.F.R.§ 422.210(c).  It is true that plaintiff's complaint would have been due August 13, 2016, which fell on a Saturday.  Defendant posits that plaintiff thereby received the benefit of an extension until Monday, August 15, 2016 pursuant to Fed. R. Civ. P. 6(a).  (Doc. 10 at 2.)[7]  Thus, to be timely the complaint must have been received by the clerk for filing no later than August 15, 2016.

Defendant cites two cases for the proposition this action must be dismissed as untimely absent direct proof the complaint was received by the clerk on or prior to August 15, 2016: Parrott v. Comm'r of Soc. Sec., No. 9:95-CV-256, 1995 WL 750152 at *2 (E.D. Tex. Dec. 14, 1995), Report & Recommendation adopted 914 F.Supp. 147 (E.D. Tex. 1996), Kellum v. Comm'r of Soc. Sec., 295 F. App'x 47, 48-49 (6th Cir. 2008).  (Doc. 10 at 2).  Neither case is binding upon this court, nor do we find them persuasive in the face of the well-reasoned R&R.

---

[6] The parties do not dispute that the complaint was received through the mail. (R&R at 14.)  The question is *when* the clerk received the complaint.  Further, the parties do not dispute that the complaint was *docketed* on August 16, 2016, which we find consistent with Ms Hartt's declaration in pertinent part.  While undisputedly authentic, the declaration has no probative value.

[7] No extensions were requested or granted in this case; plaintiff received the benefit of Fed. R. Civ. P. 6(a).

7

Defendant further argues that no circumstances in this case justify equitable tolling of the statute of limitations. We disagree.

A pleading is filed when the clerk receives it. McIntosh v. Antonino, 71 F.3d 29, 36 (1st Cir. 1995). When calculating time for purposes of statutes of limitations, the date of receipt by the clerk is controlling, and not the date of mailing by the filer. See Heman v. Astrue, No. 2:10-CV-00570 2010 U.S. Dist. WL 5504667 at *2 (S.D. Ohio Dec. 13, 2010), citing New Boston Dev. Co. v. Toler, 999 F.2d 142, 142 (6th Cir.1993); FED.R.CIV.P. 5(D)(2) ( "A paper is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk."). Report and recommendation adopted No. 2:10-CV-00570 2010 U.S. Dist. WL 17701 (S.D. Ohio Jan. 4, 2011.) We find these cases persuasive. In filing by mail – a common practice among attorneys as well as litigants in person – it is axiomatic that a filer by mail has no control over how or when the clerk acts to docket the filing.

In this case, there is no dispute that the complaint was filed by mail, necessitating arrival at the clerk's office in an envelope or some such similar mailing receptacle. Normally, the clerk would stamp the envelope with the time and date, as is the case with the pleading itself, and make it part of the docket record. This is done precisely to avert the manner of dispute before us. Alas,

the envelope in which the instant complaint arrived at the clerk's office is not in the docket record.

The law auspiciously provides a remedy under the unique facts in this case; equity sees that as done what ought to be done. Here, equity arrives in the form of traditional equitable tolling of the statute of limitations, specifically the 60-day requirement of § 405(g), discussed in Bowen v. City of New York, 476 U.S. 467 (1986), as cited in the R&R.

Here, plaintiff was entitled to believe that when he mailed his complaint on August 9, 2016[8] it would reach the clerk on or before August 15, 2016, and the envelope in which it arrived would be properly docketed, as those in which his previous filings were properly docketed.

While both parties in the instant case cited Bowen in their briefs, we agree with the rationale set forth in the R&R, which appropriately applied the doctrine of equitable tolling, as courts are required to do, even though the *pro se* plaintiff did not name it in his filings opposing the motion to dismiss.

The sixty (60) day filing requirement is not a jurisdictional limit on the power of the court, "but rather constitutes a period of limitations." Bowen, at 478. As defendant argued, the limitations period is a condition of the waiver of sovereign immunity [in this case], and serves a salutary purpose in ensuring timely

---

[8] That plaintiff's representation that he mailed his complaint on August 9, 2016 is not contradicted by defendant. See R&R at 2-3.

9

submission of claims.  Therefore, the sixty (60) day limitations period "must be strictly construed." Id. at 479.

"Application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by congress.'" Id. at 480.  Equitable tolling should be rare and applied sparingly.  Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012).  "Tolling may be appropriate…where the plaintiff in some extraordinary way has been prevented from asserting his or her rights…" Cardyn v. Comm'r Soc. Sec., 66 F. App'x 394, 397 (3d Cir. 2003) quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).

"The statute of limitations is an affirmative defense, and the burden of establishing its applicability to a particular claim rests with the defendant." Quoting Van Buskirk v. Carey Canadian Mines, Ltd., 760 F.2d 481, 486 (3d Cir.1985), citing Melhorn v. AMREP Corp., 373 F.Supp. 1378, 1380 (M.D. Pa.1974).  Here, defendant put up a good fight, but failed to overcome the empirical and substantial evidence uncovered in the R&R.

We are cognizant of plaintiff's burden of establishing that equitable tolling applies, Courtney v. La Salle Univ., 124 F.3d. 499, 505 (3d. Cir. 1977), and we applied the relevant legal principle even though plaintiff failed to name it.  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

**Conclusion**

Taking all these factors into consideration, we agree with the R&R that, at a minimum, a disputed factual issue is present with regard to whether the statute of limitations has been satisfied. Therefore, the defendant's motion to dismiss will be denied and the case will be remanded to Magistrate Judge Carlson.

Date: **June 2, 2017**                **s/ James M. Munley**
                                       **JUDGE JAMES M. MUNLEY**
                                       **United States District Court**