# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER CHARLES FALCONE, | : | No. 3:16cv1705 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| NANCY A. BERRYHILL, | : | |
| Acting Commissioner of Social Security, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is Magistrate Judge Martin C. Carlson's Report and Recommendation (hereinafter "R&R") which proposes the denial of plaintiff's social security appeal. Plaintiff Christopher Charles Falcone has filed objections to the R&R, and the matter is ripe for disposition.

**Background**

Plaintiff Christopher Charles Falcone applied for disability insurance benefits under Title II of the Social Security Act alleging an onset of disability beginning in May 2010.[1] He claims the following disabilities: bi-polar disorder, dependent personality disorder, low back pain, high cholesterol, and head trauma status-post bicycle accident. (Doc. 25-5 at 5). The principal impairment is the bi-polar disorder.

---

[1] Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. 42 U.S.C. §§ 415(a) and 416(i)(1).

The Social Security Administration denied plaintiff's request for benefits on September 13, 2013. (Doc. 25-5 at 5). In October 2013, plaintiff requested a hearing on his Social Security claim before an Administrative Law Judge (hereinafter "ALJ"). (Doc. 25-5 at 10-12). An ALJ held a hearing on plaintiff's application for benefits on October 9, 2014, and denied benefits with a written decision on November 26, 2014. (Doc. 25-2 at 12-27). Plaintiff then requested review of this decision with the Social Security Appeals Council. (Id. at 9-11). The Appeals Council denied plaintiff's request for review on June 9, 2016. (Id. at 2-5). Plaintiff then filed the instant appeal. (Doc. 1).

The Clerk of Court assigned the case to Magistrate Judge Martin C. Carlson for the issuance of a report and recommendation. On November 29, 2017, Judge Carlson issued an R&R which proposes the denial of plaintiff's appeal. Plaintiff has filed objections to the R&R and the government has responded to those objections. The matter is thus ripe for disposition.

**Jurisdiction**

The court has federal question jurisdiction over the Social Security Administration appeal. See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this

2

title."); see also 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has her principal place of business ....").

**Standard of review**

As noted above, we have before us for disposition an R&R to which plaintiff has objected. In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

In reviewing a Social Security appeal, the court must determine whether "substantial evidence" supports the ALJ's decision. See 42 U.S.C. § 405(g);

3

Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "[S]ubstantial evidence has been defined as 'more than a mere scintilla.' " Hagans, 694 F.3d at 292 (quoting Plummer, 186 F.3d at 427). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).

The court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion. See 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (stating that courts may not weigh the evidence or substitute their own conclusions for those of the fact-finder); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (indicating that when the ALJ's findings of fact are supported by substantial evidence, courts are bound by those findings, even if they would have decided the factual inquiry differently). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo, 383 U.S. at 620.

Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take

4

into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). "When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.' " Plummer, 186 F.3d at 429 (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)). The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008). Thus, a reviewing court must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

**Discussion**

The instant R&R and the objections thereto address two different issues. One issue is whether default judgment should be granted to the plaintiff, and the second issue is whether the ALJ/magistrate judge treated some of the evidence improperly. We will address these issues separately.

**A. Default Judgment**

Plaintiff first argues that default judgment in his favor is appropriate because the defendant filed and served its answer to his complaint late. We are unconvinced. On June 5, 2017, the court ordered that the government file and serve its answer within sixty (60) days. (Doc. 23). On August 4, 2017, the defendant filed its answer. (Doc. 24). On August 7, 2017, the defendant filed an

"Amended Certificate of Service" indicating that the answer was served by Federal Express two-day service. (Doc. 26).

The defendant's answer may have technically been filed one or two days late and served a few days late. This lateness, however, does not mean that an automatic default judgment should be entered in favor of the plaintiff. We will overlook any untimeliness on the part of the government. The Third Circuit Court of Appeals has stated that it "does not favor" entry of default judgments, but rather prefers that matters be decided on the merits. United States v. $55,518.50 in U.S. Currency, 728 F.2d 193-94 (3d Cir. 1994). Notably, plaintiff was not prejudiced at all by the alleged late filing of the defendant's answer, and he was able to file a timely brief. Thus, plaintiff's objection with regard to the default judgment is overruled and the matter will be decided on its merits.

**B. Substantial Evidence**

Next, the plaintiff objects to the manner in which the magistrate judge addressed the evidence before him. First he makes a general claim that the ALJ and Appeals Council rejected uncontroverted psychiatric evidence arbitrarily and capriciously and failed to review evidence submitted according to the proper standards. We need not address such general arguments. See Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984)("We are satisfied that providing a complete de novo determination where only a general objection to the report is offered would

undermine the efficiency the magistrate system was meant to contribute to the judicial process.").

Plaintiff does, however, raise several more specific objections.  For example, he alleges that the ALJ relied on a medical report that contained conflicting information.  This is a report authored by Jeffrey Chimahosky, DO dated July 31, 2013.   Under the "Subjective" section of the report, Dr. Chimahosky  indicates that plaintiff avoids lifting heavy objects and limits himself to lifting grocery bags.  Plaintiff argues that this statement is inconsistent with the doctor's ultimate conclusion that he could lift fifty (50) pounds frequently and one hundred (100) pounds occasionally.  (Doc. 25-12 at 6, 9).   This "contradiction", however, is merely a contradiction between the plaintiff's self reporting limitation and the doctor's findings after his examination.  The doctor does not have to take all of plaintiff's subjective reports as fully true.  If he did, no need would exist for a medical examination at all.  The plaintiff would merely have to provide a report of his symptoms and limitations.  However, the manner in which the system is set up provides for medical evaluations which seek to confirm the plaintiff's subjective complaints.  A mere discrepancy of this sort is no reason to overrule the ALJ's decision.

Plaintiff also complains that the R&R indicates that when Dr. Chimahosky

7

examined him, he could raise his legs at 45 degrees. Chimahosky's report indicates that he could do so "with low back pain," but the R&R fails to mention the "with low back pain" notation. We find this omission to be de minimus and in light of all of the evidence, and the fact that plaintiff primarily pursues a mental health disability, it does not provide reason to overrule the ALJ's decision.

Plaintiff next complains that the ALJ put "great reliance" on the report of Chimahosky's report and in some way erred in this reliance or came to the wrong conclusion despite that reliance. It is not clear from plaintiff's objections exactly what his argument is on this point. Thus, this objection will be overruled.[2]

Finally, the plaintiff complains that the ALJ and magistrate judge incorrectly relied on his Global Assessment of Functioning (hereinafter "GAF") scores in evaluating his claim. A GAF score is a subjective scale that was set forth in the American Psychiatric Associations' Diagnostic and Statistical Manual of Mental Health (hereinafter "DSM"). The score "assesses how well an individual can function according to psychological, social, and occupational parameters, with the lowest scores assigned to individuals who are unable [to] care for themselves." Pounds v. Astrue, 772 F. Supp. 2d 713, 716, n. 2 (W.D. Pa. 2011); DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS (FOURTH).

---

[2] The most likely interpretation of this objection is that if the ALJ had in fact given great reliance to Chimahosky's report then he would have found plaintiff to be disabled by his bi-polar disorder. That interpretation of Dr. Chimahosky's report in light of all the other evidence in the case is not accurate.

The GAF score allows a clinician to indicate his judgment of a person's overall psychological, social and occupational functioning, in order to assess the person's mental health illness. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 3–32 (FOURTH). A GAF score is set within a particular range if either the symptom severity or the level of functioning falls within that range. Id. In the past, the score was seen as useful in planning treatment and predicting outcomes. Id.

A GAF score of 31–40 represents some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking or mood. Id. A GAF score of 41–50 indicates serious symptoms or any serious impairment in social, occupational or school functioning. Id. A GAF score of 51 to 60 represents moderate symptoms or any moderate difficulty in social, occupational, or school functioning. Id. A GAF score of 61-70 indicates some mild symptoms (e.g. depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g. occasional truancy, or theft within the household) but generally functioning pretty well, has some meaningful interpersonal relationships. Id.

The law, however, provides that "[a] GAF score does not have a direct correlation to the severity requirements of the Social Security mental disorder

9

listings." Id. at 723 (see also Gilroy v. Astrue, 351 Fed.Appx. 714, 715 (3d Cir. 2009)) (citing 66 Fed. Reg. 50764-5 (2000)).

Moreover, the latest edition of the DSM recommended that the GAF scoring scale be discontinued. It explained that the GAF scale has a conceptual lack of clarity and "questionable psychometrics in routine practice." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (FIFTH) at 16. Thus, the latest edition of the American Psychiatric Association's DSM does not contain the GAF scale. It is apparent that GAF scores are of limited value in determining whether an individual is disabled.

In the instant case, however, the discussion of the GAF score did not unduly prejudice the plaintiff. It was just one element of the evidence that indicated that the plaintiff was not disabled. Other evidence includes, *inter alia*, the report of state agency psychologist Richard Small, Ph.D. Additionally, plaintiff's two treating psychiatrists from July 2011 through November 2013 did not opine that plaintiff is disabled due to his mental health condition. Accordingly, we find that the ALJ's and magistrate judge's discussion of the GAF score does not negate the conclusion that substantial evidence supports the ALJ's decision.

No other specific objections are made to the R&R. We will thus consider the rest of the R&R not objected to. Therefore, in deciding whether to adopt the remainder of the report and recommendation, we must determine if a review of

the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). We find no plain error or manifest injustice in the remainder of the R&R. Thus, it will be adopted.

**Conclusion**

For the reasons set forth above, we find that the plaintiff's objections to the R&R should be denied. Default judgment is inappropriate and despite plaintiff arguing over the magistrate judge's treatment of the evidence, we find that substantial evidence supports his conclusions. We will accordingly overrule the objections and deny the plaintiff's social security appeal. An appropriate order follows.

**Date: Jan. 31, 2018**                     **s/ James M. Munley**
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**